**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**JAMES BUFORD ROBERTSON,**

**Plaintiff,**

**v.**                                                    **Case No.: 2:15-cv-01971**

**WEST VIRGINIA DEPARTMENT of**
**HEALTH AND HUMAN RESORUCES,**
**Department of Behavioral Health;**
**DR. GEORGETTE BRADSTREET;**
**DR. DAVID A. CLAYMAN;**
**WEST VIRGINIA CIRCUIT COURT**
**OF RALEIGH COUNTY; and PRESTERA**
**CENTER,**

**Defendants.**

## PROPOSED FINDINGS and RECOMMENDATIONS

Pending before the Court is Plaintiff's Motion to Withdraw Complaint and Motion to Dismiss Defendant Clayman and for the Appointment of Counsel. (ECF Nos. 3, 4). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5). For the reasons that follow, the undersigned **FINDS** that Plaintiff's motion to withdraw the complaint should be construed as a motion for an order of voluntary dismissal under Fed. R. Civ. P. 41(a)(2); that the motion should be **GRANTED**; the complaint should be **DISMISSED, without**

1

**prejudice**; and this action should be **REMOVED** from the docket of the Court.

I.     **Relevant History**

On February 18, 2015, Plaintiff filed a complaint "seeking one million dollars for breach of contract." (ECF No. 1 at 1). The contract at issue was a settlement agreement, apparently reached between Plaintiff and some or all of the defendants in prior litigation. At the time he filed the complaint, Plaintiff neither paid the filing fee, nor filed an Application to Proceed Without Prepayment of Fees and Costs. Accordingly, no summonses were issued, and the complaint was never served on the defendants.

On March 16, 2015, the Clerk of Court docketed two additional documents submitted by Plaintiff. One document was a motion requesting that one of the defendants, Dr. David Clayman, be dismissed from the action. (ECF No. 4). The motion also asked that the Court appoint an attorney to represent Plaintiff. (*Id.* at 2). Plaintiff signed and dated the motion on March 12, 2015. (*Id.*). The second document was a request by Plaintiff to "withdraw the above civil case" on the basis that Plaintiff no longer wished to pursue the matter. (ECF No. 3). Although this request was docketed first, it was signed and dated by Plaintiff on March 13, 2015, one day after the motion to dismiss Defendant Clayman and for appointment of counsel was prepared. Other than referral of the matter to the undersigned, no further activity has occurred in the case since March 16, 2015.

II.    **Discussion and Recommendations**

Fed. R. Civ. P. 41(a)(2) allows the court to dismiss an action at the plaintiff's request under terms the court deems proper. Here, Plaintiff's request to withdraw the complaint was filed before the defendants were served with process, or made any appearance in the proceedings; therefore, no party is prejudiced by a dismissal of the action. "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial

2

prejudice to the defendant." *Gentry v. MCM*, No. CIV.A. 1:12-7695, 2013 WL 622225, at *1 (S.D.W.Va. Jan. 29, 2013) (quoting *Andes v. Versant Corp.,* 788 F.2d 1033, 1036 (4th Cir. 1986)). Moreover, "[i]t is well established that prejudice to the defendant does not result from the prospect of a second lawsuit." *Id.* (citing *Vosburgh v. Indemnity Ins. Co. of North America,* 217 F.R.D. 384, 386 (S.D.W.Va. Sep. 12, 2003)). Accordingly, the undersigned **RECOMMENDS** that the presiding District Judge **GRANT** the motion for an order of voluntary dismissal, (ECF No. 3), and **DISMISS** this civil action, **without prejudice**, removing it from the docket of the Court. With respect to Plaintiff's motion to dismiss only Defendant Clayman and his motion for the appointment of counsel, (ECF No. 4), the undersigned **FINDS** that these motions are rendered moot by Plaintiff's request for an order of voluntary dismissal. Consequently, the undersigned **RECOMMENDS** that the motions be **DENIED**, as moot.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Johnston and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** October 27, 2015

Cheryl A. Eifert
United States Magistrate Judge

4